UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-395-GFVT

VERNON BALDWIN,                                                                           PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
                AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                       DEFENDANT.

## I. INTRODUCTION

Plaintiff, Vernon Baldwin, brings this action under 42 U.S.C. § 405(g) challenging the Commissioner's denial of his application for a period of disability and disability insurance benefits (DIB). Referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B), the parties' motions for summary judgment are ripe for decision. [R. 12]. It is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, the Defendant's Motion for Summary Judgment [R. 11] be granted, and that the Commissioner's decision be affirmed.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff was born in 1957 and was 50 years old on the date of the Administrative Law Judge's decision. [Tr. 28, 93]. He dropped out of school during the tenth grade and did not obtain his GED. [Tr. 45, 122]. He currently resides with his wife and one minor child. [Tr. 44-45]. He reports no specialized job training and his only relevant employment experience is as a spot welder, which was his profession from 1990 until his disability allegedly began on July 5, 2006. [Tr. 93, 118].

In his Disability Report, Form SSA-3368, Baldwin claimed a limited work ability due to

emphysema and epilepsy. [Tr. 117]. He protectively filed for a period of disability benefits on July 3, 2006. [Tr. 113]. His claims were denied initially and on reconsideration. [Tr. 70, 71, 72-75]. Subsequently, he sought and obtained a hearing in front of an Administrative Law Judge on May 6, 2008. [Tr. 41-67]. Baldwin, represented by counsel, appeared and offered testimony. [Tr. 41]. The judge also heard testimony from a vocational expert, Betty Hale. [Tr. 64-65].

Following the hearing, the ALJ ruled against the Plaintiff in a written decision dated July 11, 2008. [Tr. 21-28]. Although finding that Baldwin suffered from the severe impairments of "emphysema/chronic obstructive pulmonary disease (20 C.F.R. 404.1520(c))", the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." [Tr. 23]. In addition, the ALJ believed that Baldwin retained the residual functional capacity to perform medium work, with limitations, and stated that although Baldwin was unable to perform any past relevant work, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [Tr. 24, 27]. Based on these findings, Baldwin was not considered to be under a "disability" as defined by the Social Security Act. [Tr. 28]. Following this adverse decision, he properly exhausted all administrative remedies by appealing to the Social Security Appeals Council, which also denied his request for review. [Tr. 1-3].

On December 11, 2008, he filed the instant action, and seeks Summary Judgment claiming that the ALJ's opinion was not supported by substantial evidence. The Commissioner responded by arguing that the ALJ's opinion is supported by substantial evidence and should be affirmed. [R. 11].

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In his Motion for summary Judgment, the Plaintiff asserts that the ALJ erred in ten (10) ways. [R. 10]. However, the Motion for Summary Judgment is almost entirely bereft of developed legal arguments, or citations to the record, regulations, or case law. Insofar as the Plaintiff has presented such unsupported statements of error, the Court deems the arguments set forth in paragraphs one (1), two (2), three (3), eight (8), nine (9) and ten (10) of the Plaintiff's brief waived. Paragraphs four (4) through seven (7) of the Plaintiff's brief address related issues concerning the ALJ's rejection of treating physicians' opinions. Although the Court finds that the sum of these paragraphs is sufficient to present an argument that the ALJ improperly discredited treating physician opinions; any other argument the Plaintiff attempted to present in those paragraphs is deemed to be waived.

It is well-established that courts "[are] not obligated to consider unsupported arguments inadequately developed in the briefs." Lewless v. Sec'y of Health and Hum. Servs., 25 F.3d 1049 (Table), 1994 WL 201887 at *4 (6th Cir. 1994). Though the Plaintiff has briefly recounted the ALJ's findings and has made a limited statement of law, he "fail[s] even to hint at their legal significance or virtue. It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Rice v. Comm'r of Soc. Sec., 169 Fed. Appx. 452, 454 (6th Cir. 2006) citing United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999); see also, McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997); Kennedy v. Comm'r of Soc. Sec., 87 Fed. Appx. 464, 466 (6th Cir. 2003). The Plaintiff is represented by counsel, and the Court is not required to formulate arguments on the Plaintiff's behalf. See Tarlton v. Astrue, 2008 WL 783409 at *1 n. 2 (E.D. Tenn. March 25, 2008). In the absence of specifically enunciated

arguments, the Court declines to "broadly scrutinize" the entire record in an attempt to discern what the Plaintiff may perceive to be erroneous in the opinion. See Collins v. Astrue, 6:08-177-HRW, 2009 WL 29405 at *2 (E.D. Ky. Jan. 5, 2009); Smith v. Astrue, 5:08-251-HRW, 2009 WL 366585 at *3 (E.D. Ky. Feb. 13, 2009).

As noted above, the one argument preserved by briefing was that the ALJ violated the so-called "treating physician" rule when he rejected the opinions of Dr. Hays and Dr. Kahn. While treating physicians' opinions are normally given substantial, if not controlling, deference, they "are only given such deference when supported by objective medical evidence." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) citing Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). In the present action the ALJ permissibly decided to give lesser weight to the opinions of Dr. Hays and Dr. Kahn because their opinions were not supported by objective medical evidence.

When an ALJ decides not to give a treating source controlling weight, the ALJ applies factors listed in § 404.1527(d)(2)-(6). Under the regulations, the factors that an ALJ considers are: "(1) the length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source." Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 747 (6th Cir. 2007). The ALJ below set forth his reasons for not giving great weight to the opinions of Dr. Hays and Dr. Khan. Specifically, he focused on the third and fourth factors set forth above, supportability and consistency with the record. The ALJ analyzed the records of both doctors records and noted that none of the reports contained specific findings which would support a finding that the Plaintiff suffered from disabling breathing problems [Tr. 25-26].

The ALJ meticulously analyzed the records of both treating physicians and noted multiple instances where the physicians' assessment of disability was entirely unsupported by their own treatment records. Furthermore, the ALJ also set forth how the opinions of Dr. Hays and Dr. Kahn were inconsistent with the other evidence in the record.

It is the role of the ALJ to resolve conflicts within the evidence. Burton v. Halter, 246 F.3d 762, 775 (6th Cir. 2001). In the present case, the ALJ was faced with inconsistent evidence in the medical record, and resolved those conflicts by determining that the opinions of Dr. Hays and Dr. Kahn were not supported by objective medical evidence, and were not entitled to great deference. The regulations require that an ALJ articulate clear reasons for discounting the opinion of treating physicians; this requirement exists "in part, to let claimants understand the disposition of their cases." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)(internal citation omitted). This is particularly important for claimants who have been told by their physicians that they suffer from a disability, and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Id. *citing* Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). In addition, the reason-giving requirement assures that decisions are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p 1996 WL 374188 at *5 (July 2, 1996). The ALJ's decision in the present case complies with both the procedures and the purposes of the reason-giving requirements set forth in the regulations, and his decision to give little probative weight to the opinions of Dr. Hays and Dr. Khan is supported by substantial evidence.

## V. CONCLUSION

Therefore, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 11] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed on or before November 23, 2009, or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 13, 2009.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge